# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-416-FDW-DSC

| | |
|---|---|
| LAURA K. PALACIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus" (document #9).

The Court has reviewed the Motion and the parties' briefs. Defendant challenges the Court's subject-matter jurisdiction, contending "that Plaintiff has not exhausted her administrative remedies, and pursuant to 42 U.S.C. § 405(g), mandamus jurisdiction is barred." "Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus" at 2 (document #9-1). Defendant's three-page brief is woefully inadequate and fails to address the applicable authority. See Weinberger v. Salfi, 422 U.S. 749, 757-759 (1975); Hopewell Nursing Home, Inc. v. Schweiker, 666 F.2d 34, 42 (4th Cir. 1981) ("we accordingly refuse to allow jurisdiction be founded on the mandamus statute, at least absent a showing, not made here, that the [Defendant] simply will not act on claims presented to him") (emphasis added). See also Buchanan v. Apfel, 249 F.3d 485 (6th Cir. 2001); Koerpel v. Heckler, 797 F.2d 858 (10th Cir. 1986); Homewood Prof. Care Ctr., Ltd. v. Heckler, 764 F.2d 1242 (7th Cir. 1985); Ganem v. Heckler, 746 F2d 846, 850-51 (D.C. Cir. 1984); Belles v. Schweiker, 720

F.2d 509, 512 n.4 (8th Cir. 1983); Ellis v Blum, 643 F.2d 68, 81 (2d Cir. 1981); Elliott v. Weinberger, 564 F.2d 1219, 1227-1228 (9th Cir. 1977); Hazelwood Chronic & Convalescent Hosp. v. Weinberger, 543 F.2d 703, 706 n.5 (9th Cir. 1976); Mattern v. Weinberger, 519 F.2d 150 (3rd Cir. 1975).

Subject matter jurisdiction is a threshold issue for the Court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Accordingly, the Court will **ORDER** the parties to file supplemental briefs that thoroughly address the jurisdictional issue.

    **IT IS HEREBY ORDEED that:**

1. On or before February 25, 2019, Defendant shall file a supplemental brief in support of her Motion.

2. On or before March 11, 2019, Plaintiff shall file a supplemental brief opposing the Motion.

3. Defendant is <u>granted leave</u> to file a supplemental reply brief within seven days of the filing of Plaintiff's supplemental brief.

4. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: January 24, 2019

David S. Cayer
United States Magistrate Judge