# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:18CV416-FDW-DSC

| | |
|---|---|
| LAURA K. PALACIO, )<br>      Plaintiff, )<br>      )<br>vs. )<br>      )<br>NANCY A. BERRYHILL,[1] )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>      Defendant. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus" (document #9), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus" (document #9) be <u>granted</u> as discussed below.

The Court adopts the procedural history as stated in the parties' briefs. On October 2, 2017, Plaintiff filed her request for reconsideration which is still pending before the Defendant. On July 30, 2018, Plaintiff filed her Complaint seeking a writ of mandamus compelling Defendant to take action on her request for reconsideration.

On November 19, 2018, Defendant moved to dismiss "pursuant to Rule 12 of the Federal

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Rules of Civil Procedure." Document #9.

On January 24, 2019, the Court ordered supplemental briefing. In her supplemental brief, Defendant argues that the Court lacks subject matter jurisdiction and that Plaintiff "has not provided any justification for the Court to grant the extraordinary remedy of mandamus relief." Document #15 at 2. The Court agrees.

Plaintiff carries the burden of showing that her right to the extraordinary remedy of a writ of mandamus is "clear and indisputable." Miller v. French, 530 U.S. 327, 339 (2000). The writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380 (2004) (internal citations and quotations omitted); Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."), cert denied, 397 U.S. 941, (1970).

The party seeking a writ must show that she has exhausted all other available avenues of relief and that "no other adequate remedy [is] available." Action Alliance of Senior Citizens v. Leavitt, 483 F.3d 852, 858 (D.C. Cir. 2007). In order to obtain a writ of mandamus, Plaintiff must establish: "(1) a clear right to the relief; (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." Davis v. Fechtel, 150 F.3d 480, 487 (5th Cir. 1998) (citing In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997)).

In Sawan v. Chertoff, the plaintiff similarly sought mandamus relief due to a delay in the processing of his FBI name check investigation. No. Civ. A. H-08-1550, 2008 WL 3852475, at *3 (S.D. Tex. Aug. 14, 2008), on reconsideration in part, 589 F. Supp. 2d 817 (S.D. Tex. 2008). The Court noted that the applicable statute contained no specific time period for the FBI to complete

2

its investigation, thus the plaintiff "has not established a clear right to have the application adjudicated within a particular time." Id. (citing Badier v. Gonzales, 475 F. Supp. 2d 1294 (N.D. Ga. 2006) (finding no clear right to relief and therefore no jurisdiction under 28 U.S.C. § 1361 for delays in completing naturalization applicant's FBI name check). Further, there was no evidence in the record that the FBI refused to provide the necessary review. Rather, the evidence showed that the matter was pending "along with a high volume of other requests." Id. Thus, there was no evidence that the process was unavailable or that there was no adequate remedy available to the plaintiff. Id. (citing Chaudry v. Chertoff, No. 06-1303 (PAM/JSM), 2006 WL 2670051, at *2 (D. Minn. 2006)). "Delays in administrative processing do not alone make the process inadequate or unavailable and do not warrant mandamus." Id. (citing Yan v. Mueller, No. H-07-0313, 2007 WL 1521732, at *6 (S.D. Tex. 2007); Attias v. Chertoff, No. 4:06-cv-534-CAS, 2006 WL 1738377, at *2 (E.D. Mo. June 22, 2006)). See also Jones v. McDonald, No. 15-2895, 2015 WL 4863027, at *1 (Vet. App. Aug. 14, 2015) (in context of Veterans Administration, "the mere passage of time does not necessarily constitute unreasonable delay . . . [a]ccordingly, the petitioner has not demonstrated that he has a clear and indisputable right to a writ") (internal citations and quotations omitted).

Applying those legal principles to the record here, Plaintiff has failed to show that she is clearly and indisputably entitled to the extraordinary remedy of a writ of mandamus. Miller v. French, 530 U.S. at 339; Cheney, 542 U.S. at 380. On these facts, administrative delay is insufficient to support issuance of mandamus. Sawan, No. Civ. A. H-08-1550, 2008 WL 3852475, at *3. For this reason and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that her Motion to Dismiss be granted.

3

Case 3:18-cv-00416-FDW-DSC    Document 17    Filed 06/03/19    Page 3 of 4

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus" (document #9) be **GRANTED.**

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: June 3, 2019

David S. Cayer
United States Magistrate Judge