UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00416-FDW-DSC

| | | |
|---|---|---|
| LAURA K. PALACIO, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | ) ) ) ) | |
| Commissioner. | ) ) | |

THIS MATTER is before the Court on Plaintiff's Complaint (Doc. No. 1) and supporting memorandum (Doc. No. 16), Commissioner's Motion to Dismiss (Doc. No. 9) and supporting memorandum (Doc. No. 15), and the Memorandum and Recommendations ("M&R") of Magistrate Judge David S. Cayer. After Plaintiff filed objections to the M&R (Doc. No. 18) and Commissioner filed a Response (Doc. No. 19), this matter is now ripe for review. For the reasons set forth below, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, and GRANTS Commissioner's Motion to Dismiss.

The parties did not object to the procedural history from the M&R. On September 4, 2017, Commissioner informed Plaintiff he was reducing Plaintiff's disability insurance benefits. (Doc. No. 1). On October 2, 2017, Plaintiff timely submitted an internal appeal to Commissioner. (Doc. No. 1). To date, Commissioner has not issued a decision on Plaintiff's appeal. Id. On July 30, 2018, Plaintiff commenced this action alleging that Commissioner violated the Administrative Procedures Act, 5 U.S.C. § 555(b), which sets forth parameters for federal agencies to resolve matters in a timely manner. In her brief, Plaintiff petitioned this Court to issue a writ of mandamus compelling Commissioner to issue a decision on her appeal. Id. On November 19, 2018,

Commissioner filed a motion to dismiss. (Doc. No. 9). On January 24, 2019, the Court ordered supplemental briefing. (Doc. No. 14). Commissioner argues this Court lacks subject matter jurisdiction and that Plaintiff has failed to explain why the Court should grant mandamus relief. (Doc. No. 9). In the M&R, Magistrate Judge Cayer recommended that Defendant's Motion to dismiss be granted.

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the [M&R] . . . to which objection was made. 28 U.S.C. § 636(b)(1). Although this Court has made a de novo review of the evidence, Congress has made clear that judicial review in SSA appeals is only available after the Commissioner has issued a *final* decision. 42 U.S.C. § 405(g). Nevertheless, Plaintiff petitions this Court to exercise its mandamus relief powers. "[D]istrict courts are granted . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Hopewell v. Schweiker, 666 F.2d 34, 43 (4th Cir. 1981). However, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." In Re City of Virginia Beach, 42 F.3d 881, 884 (4th Cir. 1994). Such relief is appropriate *only* when there are "no other adequate means of relief available . . . ." Id.

Here, the Commissioner has not issued a final decision. Thus, this Court has no subject matter jurisdiction. Continuing in the administrative appeals process is Plaintiff's adequate means of relief. This Court notes the unusual delay by the Commissioner in issuing a reconsideration decision; however, Plaintiff has failed to present evidence that the Secretary simply "will not" act on Plaintiff's claims. Without more at this juncture and on the record before the Court, the Court cannot find that such delay amounts to a showing that the Commissioner simply "will not" act. See Schweiker, 666 F.2d at 43 ("[W]e accordingly refuse to allow jurisdiction to be founded on

the mandamus statute, at least absent a showing, not made here, that the Secretary simply will not act on claims presented to him."). Furthermore, it is premature for the court to consider whether the current delay is a violation of 5 U.S.C. § 555(b). As such, the Court declines to exercise its mandamus relief powers under this record. The Court therefore OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, and GRANTS Commissioner's Motion to Dismiss.

    IT IS SO ORDERED.

Signed: July 24, 2019

_____
Frank D. Whitney
Chief United States District Judge